UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>MERLIN E. ULRICH,<br>t/a ULRICH TRUCKING,<br>      Debtor | Case No. 05-22733REF<br>Chapter 7 |
| DIAMOND CREDIT UNION,<br>      Plaintiff | |
| v. | Adv. No. 05-2300 |
| MERLIN E. ULRICH,<br>      Defendant | |

## MEMORANDUM OPINION

Plaintiff filed this adversary complaint seeking to have the debt owed to it by Defendant found nondischargeable under 11 U.S.C. §523(a)(2)(A) and (B). For the reasons that follow, I find that Plaintiff did not meet its burden of proof under either Section 523(a)(2)(A) or (B), and I therefore find the debt in issue to be dischargeable. Judgment on the Complaint, therefore, will be entered in favor of Defendant and against Plaintiff.

Section 523(a)(2)(A) and (B) of the Bankruptcy Code state as follows:

> (A) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual from any debt -
> 
> . . .
> 
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by - -
> 
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; [or]
> 
> (B) use of a statement in writing -
>     (i) that is materially false;
>     (ii) respecting the debtor's or an insider's financial condition;

1

>(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
>(iv) that the debtor caused to be made or published with intent to deceive. . . .

11 U.S.C. §523(a)(2)(A), (B). It is well settled that, as with all exceptions to discharge, section 523(a)(2) must be construed liberally in favor of the debtor and strictly against the creditor. Grogan v. Garner, 498 U.S. 279, 287-88 (1991); Ins. Co. of North America v. Cohn (In re Cohn), 54 F.3d 1108, 1113 (3d Cir. 1995); AT&T Univeral Card Serv. Corp. v Wong (In re Wong), 207 B.R. 822, 826 (Bankr. E.D. Pa. 1997); AT&T Universal Card Serv. Corp. v. Feld (In re Feld), 203 B.R. 360, 364-65 (Bankr. E.D. Pa. 1996). Furthermore, the burden of proving that a debt is nondischargeable is on the creditor who must prove his case by a preponderance of the evidence. Cohn, 54 F.3d at 1114; Wong, 207 B.R. at 826; Feld, 203 B.R. at 365.

Here, Plaintiff is challenging the dischargeability of the debt under both Section 523(a)(2)(A) and Section 523(a)(2)(B). To successfully challenge the dischargeability of the debt in issue under Section 523(a)(2)(A), Plaintiff must prove the following elements by a preponderance of the evidence: (1) Defendant made a representation; (2) Defendant knew the representation was false at the time it was made; (3) Defendant made the representation with the intention and purpose of deceiving Plaintiff; (4) Plaintiff justifiably relied upon the representation; and (5) Plaintiff sustained the alleged loss as a proximate result of the false representation having been made. Wong, 207 B.R. at 826. Alternatively, to successfully challenge the dischargeability of the debt in issue under Section 523(a)(2)(B), Plaintiff must prove, by a preponderance of the evidence, that Defendant used a statement in writing: (1) respecting his financial condition; (2) that was materially false; (3) upon which Plaintiff

2

reasonably relied; and (4) that Defendant caused to be made or published with intent to deceive Plaintiff. Cohn, 54 F.3d at 1113-14. I now turn to an application of these standards to the facts of this case.

On September 10, 2004, Defendant applied for a MasterCard with Plaintiff by completing a Credit Line Account and Personal Loan Application ("Credit Application"). In this Credit Application, Defendant represented that he had monthly gross income of $14,400.00 and requested a credit limit of $50,000.00. Defendant's Credit Application was approved by Plaintiff on September 17, 2004, and Plaintiff then issued Defendant a MasterCard with a credit limit of $50,000.00. Upon the solicitation of Plaintiff, Defendant thereafter transferred balances from other credit cards to the MasterCard issued by Plaintiff. The total amount transferred was $39,748.06. The outstanding balance on the MasterCard at the time this adversary complaint was filed was $35,391.41.

Plaintiff first maintains that the debt owed to it by Defendant should be found nondischargeable under Section 523(a)(2)(A) and (B) because Defendant allegedly made a number of false statements in his Credit Application concerning his income and debts. Specifically, Plaintiff argues that Defendant misrepresented the following items on the Credit Application he submitted to Plaintiff: (1) The amount of his monthly gross income; and (2) the fact that the 2004 Western Star Vehicle listed by Defendant as an asset with a value of $110,000.00 was not encumbered.

Turning to the Credit Application, I note that Defendant listed his gross monthly income as $14,400.00. Although Defendant alone earned less than this amount on an annual basis, his monthly gross earnings at times approximated this amount when he worked overtime and

3

weekends. In addition, Defendant may have included his wife's monthly social security and pension income when he completed this portion of the Credit Application. I therefore find that Plaintiff failed to meet its burden of proving that Defendant made the representation concerning the amount of his monthly gross income with intent to deceive Plaintiff. This representation, therefore, is not actionable under either Section 523(a)(2)(A) or Section 523(a)(2)(B), both of which require that Plaintiff prove that Defendant made the false representation with the intent to deceive Plaintiff.

Plaintiff also complains that Defendant's Credit Application lists the 2004 Western Star Vehicle as an asset worth $110,000.00, but fails to list the indebtedness Defendant owed on this vehicle. A review of the Credit Application, however, reveals that although it includes a space to list the value of assets, it does not include a space for the applicant to list the indebtedness owed on each specific asset listed. Given this deficiency on Plaintiff's Credit Application form, I find that Plaintiff failed to prove that Defendant intentionally failed to list the indebtedness owed on the 2004 Western Star Vehicle on the Credit Application, or that Defendant omitted this information with the intent of deceiving Plaintiff. I also find that Plaintiff failed to prove the reasonableness of its reliance on the apparent representation that the 2004 Western Star Vehicle was unencumbered, given the deficiency of Plaintiff's Credit Application form and because Plaintiff could have taken a lien against the 2004 Western Star Vehicle if it wanted to ensure that it could rely upon this asset as collateral for the line of credit it was extending to Defendant. For all of these reasons, I find that Defendant's failure to list the indebtedness owed on the 2004 Western Star Vehicle on the Credit Application is not actionable under either Section 523(a)(2)(A) or Section 523(a)(2)(B).

Plaintiff next argues that the debt should be found nondischargeable under Section 523(a)(2)(A) because Defendant's intent to deceive Plaintiff can be inferred by the facts that Defendant applied for disability benefits both several months before he made the Credit Application with Plaintiff and six weeks thereafter, and then decided to sell his truck, which he presumably needed to continue his livelihood as a truck driver, two weeks after his Credit Application was approved by Plaintiff. Defendant, however, maintains that he never intended to deceive Plaintiff and that his intent was always to repay the debt he owed to Plaintiff. In fact, Defendant continued making payments to Plaintiff for four months after he filed this bankruptcy petition until his counsel learned that he was making post-petition payments to Plaintiff and instructed him to stop. In addition, Defendant credibly testified that at the time he made the Credit Application with Plaintiff, he fully intended to continue working as a truck driver, but that his deteriorating health eventually made it impossible for him to do so, at which point he attempted to work several jobs to support his family and avoid filing bankruptcy. Defendant also attempted to work out a payment arrangement with Plaintiff, but was forced to file this bankruptcy petition when the negotiations proved unsuccessful. Based upon Defendant's credible testimony, I find that Defendant did not obtain the extension of credit from Plaintiff through false pretenses, a false representation or actual fraud and that Plaintiff failed to meet its burden of proof under 11 U.S.C. §523(a)(2)(A).

For all of these reasons, I find that Plaintiff failed to meet its burden of proof under either Section 523(a)(2)(A) or Section 523(a)(2)(B) and I therefore find the debt to be dischargeable. I will enter an appropriate Order.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>MERLIN E. ULRICH,<br>t/a ULRICH TRUCKING,<br>    Debtor | Case No. 05-22733REF<br>Chapter 7 |
| DIAMOND CREDIT UNION,<br>    Plaintiff | |
| v. | Adv. No. 05-2300 |
| MERLIN E. ULRICH,<br>    Defendant | |

### ORDER

AND NOW, this **7** day of February, 2007, based upon the foregoing Memorandum Opinion, it is hereby ORDERED that JUDGMENT ON THE COMPLAINT IS HEREBY ENTERED IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF and the debt in issue is hereby found to be DISCHARGEABLE.

BY THE COURT

_____
RICHARD E. FEHLING
United States Bankruptcy Judge